# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROGELIO DOMINGUEZ-CASTELLANOS,**
**A# 235-79-431**

    **Petitioner,**

vs.                                  **Case No. 4:18cv285-RH/CAS**

**JEFF B. SESSIONS, et al.,**

    **Respondents.**
_____/

## REPORT AND RECOMMENDATION

On June 14, 2018, Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner simultaneously paid the $5.00 filing fee. ECF No. 2.

The petition seeks release from detention and contends that Petitioner, a native and citizen of Cuba, has been unlawfully detained. ECF No. 1 at 3-5. However, Petitioner alleged that he was being held in the physical custody of Respondents at the Wakulla County Detention Facility. ECF No. 1 at 2. The Clerk's Office sent to Petitioner a "notice"

which is provided to all pro se litigants at the time of case initiation. ECF No. 3. That notice, sent to Petitioner at the Wakulla County Detention Facility, has already been returned to the Court as "undeliverable." ECF No. 4. The mail return states that Petitioner is "no longer here" and the mail cannot be forwarded.

A writ of habeas corpus may not be issued to a prisoner unless he "is in custody under or by color of the authority of the United States . . . ." 28 U.S.C. § 2241(c)(1). Because it no longer appears that Petitioner is detained in custody, this case no longer presents a case or controversy. It appears that Petitioner has already received the relief he sought (release from detention). Furthermore, this case cannot proceed because mail cannot reach Petitioner, and this case should now be dismissed as moot.

It is respectfully **RECOMMENDED** that the § 2241 petition filed by Rogelio Dominguez-Castellanos be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on June 26, 2018.

        S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.